IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A RESIDENCE LOCATED AT 355 CRESSY ROAD, IRVINE, KENTUCKY 40336 | Case No. 5:25-MJ-5025-MAS |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE**

I, Matthew A. Eversole, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. Your Affiant makes this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for warrants to search a residence located at 355 Cressy Road, Irvine, Kentucky 40336, (hereinafter, "**Subject Premises**") which is more particularly described below and in Attachment A for the things described in Attachment B. As explained herein, there is probable cause to believe that a search of the **Subject Premises** will result in the discovery of evidence of violations of Title 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Controlled Substances) (hereinafter, the "Specified Federal Offense").

2. Affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and has been so employed since April of 2021. Your Affiant is currently assigned to Lexington Group III. Additionally, your Affiant holds a Bachelor of Arts in Physical Education from Berea College located in Berea, Kentucky. Prior to becoming a Special Agent, your Affiant successfully completed the eighteen (18) week basic training conducted at the Department of Criminal Justice Training in Richmond, Kentucky, certifying him as a peace officer in the Commonwealth of Kentucky. After completion of the eighteen (18) weeks, your Affiant was

employed by the Lee County Sheriff Office in Beattyville, Kentucky, for approximately eleven months as Patrol Deputy. Your Affiant was employed with the Clark County Sheriff Office in Winchester, Kentucky, for approximately five years and six months. Your Affiant was assigned as a Patrol Deputy for approximately two years and five months. Your Affiant was assigned as a Deputy Detective for approximately three years and six months with the Criminal Investigations Division and Gateway High Intensity Drug Trafficking Area (HIDTA) Task Force. Your Affiant is a graduate of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program, both of which are conducted at the Federal Law Enforcement Training Center in Glynn County, Georgia.

3. Your Affiant received training and has gained experience in all aspects of law enforcement, including interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer evidence identification, computer evidence seizure and processing, and various other criminal laws and procedures. Your Affiant has not included every detail of every aspect of training, education, and experience, but have highlighted those areas most relevant to this application.

4. Your Affiant has participated in this investigation and, because of the Affiant's participation and information received from other law enforcement officers, your Affiant is thoroughly familiar with the circumstances of the investigation and the information set forth in this affidavit. The statements contained in this affidavit are based on: (1) your Affiant's personal participation in the investigation; (2) information provided to your Affiant by Special Agents of the ATF and members of state and or local law enforcement; (3) your Affiant's experience and training. Unless otherwise indicated, all conversations and statements described in this affidavit are related in substance and part. This affidavit is intended to show merely that there is sufficient

employed by the Lee County Sheriff Office in Beattyville, Kentucky, for approximately eleven months as Patrol Deputy. Your Affiant was employed with the Clark County Sheriff Office in Winchester, Kentucky, for approximately five years and six months. Your Affiant was assigned as a Patrol Deputy for approximately two years and five months. Your Affiant was assigned as a Deputy Detective for approximately three years and six months with the Criminal Investigations Division and Gateway High Intensity Drug Trafficking Area (HIDTA) Task Force. Your Affiant is a graduate of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program, both of which are conducted at the Federal Law Enforcement Training Center in Glynn County, Georgia.

3. Your Affiant received training and has gained experience in all aspects of law enforcement, including interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer evidence identification, computer evidence seizure and processing, and various other criminal laws and procedures. Your Affiant has not included every detail of every aspect of training, education, and experience, but have highlighted those areas most relevant to this application.

4. Your Affiant has participated in this investigation and, because of the Affiant's participation and information received from other law enforcement officers, your Affiant is thoroughly familiar with the circumstances of the investigation and the information set forth in this affidavit. The statements contained in this affidavit are based on: (1) your Affiant's personal participation in the investigation; (2) information provided to your Affiant by Special Agents of the ATF and members of state and or local law enforcement; (3) your Affiant's experience and training. Unless otherwise indicated, all conversations and statements described in this affidavit are related in substance and part. This affidavit is intended to show merely that there is sufficient

probable cause for the requested search warrant and does not set forth all your Affiants' knowledge about this matter.

5.  As set forth below, there is probable cause to believe that the below listed **Subject Premises** will contain evidence of the Specified Federal Offenses.

## BACKGROUND OF INVESTIGATION

6.  In November of 2024, ATF and Gateway Area Drug Task Force (GADTF) (hereinafter, "GADTF") became aware of an individual named Bobby OSBORNE (hereinafter, "OSBORNE") trafficking narcotics in Irvine, Estill County, Kentucky.

## CONTROLLED PURCHASES

7.  On or about Tuesday November 12th, 2024, investigators utilized a Confidential Informant[1] (CI) to arrange a controlled purchase of narcotics from OSBORNE. Prior to the controlled purchase, investigators initiated surveillance in the area of the **Subject Premises**, which was confirmed by the Estill County Clerk's Office as being owned by OSBORNE. The CI traveled to the **Subject Premises**, entered, and met with OSBORNE. The CI provided OSBORNE with the pre-recorded buy funds in return for the suspected narcotics. The CI received a quantity of suspected methamphetamine. The transaction was video/audio recorded. Upon completion of the transaction, investigators met with the CI and obtained approximately 59 grams of suspected methamphetamine, including packaging. Based upon your Affiant's training and experience, the purchased substance is consistent in color and crystalline form with

---

[1] Since August of 2024, the CI has provided information and conducted multiple controlled purchases involving narcotics and firearms. The CI has not provided any false or deceiving information during the time the CI has been active.

methamphetamine, a Schedule II controlled substance. The suspected methamphetamine field-tested positive for the presence of methamphetamine using TruNarc[2].

8. On or about Wednesday November 20th, 2024, investigators utilized a CI to arrange a controlled purchase of narcotics from OSBORNE and Devan WILLOUGHBY (hereinafter, "WILLOUGHBY.") who also resides at the **Subject Premises**. The CI was in contact with WILLOUGHBY via a phone number known to the CI as being a cell phone number utilized by WILLOUGHBY. WILLOUGHBY agreed to arrange for the CI to purchase methamphetamine from OSBORNE and a separate purchase for additional methamphetamine from WILLOUGHBY, both purchases to occur at the **Subject Premises**. Prior to the controlled purchase, investigators initiated surveillance in the area of the **Subject Premises**. The CI traveled to the **Subject Premises**, entered, and met with OSBORNE. The CI provided OSBORNE with the pre-recorded buy funds in return for the suspected narcotics. The CI received a quantity of suspected methamphetamine from OSBORNE. The CI next exited the **Subject Premises** and meet with WILLOUGHBY outside. The CI provided WILLOUGHBY with the pre-recorded buy funds in return for the suspected methamphetamine. The CI received a quantity of suspected methamphetamine. The transaction was video/audio recorded. Upon completion of the transaction, investigators met with the CI and obtained approximately 50 grams of suspected methamphetamine, including packaging, purchased from OSBORNE. Investigators obtained approximately 58 grams of suspected methamphetamine, including packaging, purchased from WILLOUGHBY. Based upon your Affiant's training and experience, the purchased substance is consistent in color and crystalline form with methamphetamine, a

---

[2] TruNarc is a handheld narcotics analyzer that allows law enforcement officers to scan for over 498 suspected controlled substances.

Schedule II controlled substance. The suspected methamphetamine field-tested positive for the presence of methamphetamine using TruNarc.

9. On December 31st, 2024, your Affiant reviewed Chemical Analysis Reports from the Drug Enforcement Administration (DEA). All methamphetamine purchased from the above-described controlled transactions were confirmed to be methamphetamine.

10. On or about Tuesday December 31st, 2024, investigators utilized a CI to arrange a controlled purchase of narcotics from OSBORNE. Prior to the controlled purchase, investigators initiated surveillance in the area of the **Subject Premises**. The CI traveled to the **Subject Premises**, entered, and met with OSBORNE. The CI provided OSBORNE with the pre-recorded buy funds in return for the suspected narcotics. The CI received a quantity of suspected methamphetamine and suspected fentanyl. The transaction was video/audio recorded. Upon completion of the transaction, investigators met with the CI and obtained approximately two (2) ounces of suspected methamphetamine, including packaging, and approximately six (6) grams of suspected fentanyl, including packaging. Based upon your Affiant's training and experience, the purchased substance is consistent in color and form with fentanyl, a Schedule II controlled substance. Based upon your Affiant's training and experience, the purchased substance is consistent in color and crystalline form with methamphetamine, a Schedule II controlled substance. The suspected methamphetamine field-tested positive for the presence of methamphetamine using TruNarc. During the controlled purchase, the CI inquired with OSBORNE about purchasing a firearm. While inside the **Subject Premises**, OSBORNE showed the CI a rifle and allowed the CI to handle the same. OSBORNE is known to the undersigned to be a convicted felon.

11.     On or about Thursday January 30th, 2024, investigators utilized a CI to arrange a controlled purchase of narcotics from OSBORNE. As before, investigators-initiated surveillance in the area of the **Subject Premises** as the CI traveled to the **Subject premises**, entered, and met with OSBORNE. The CI purchased approximately eighteen (18) grams of suspected fentanyl, including packaging. Based upon your Affiant's training and experience, the purchased substance is consistent in color and form with fentanyl, a Schedule II controlled substance.

## THE SUBJECT PREMISES

12.     The **Subject Premises** is a tan trailer home with a dark roof and build on front porch with awning with red shutters on the front windows located at 355 Cressy Road, Irvine, Kentucky 40336.  The residence is currently occupied by Bobby OSBORNE. Investigators have conducted four (4) controlled purchases from OSBORNE at the **Subject Premises**.

## KNOWLEDGE AND EXPERIENCE

13.     Based on Affiant knowledge, training, and experience, Affiant conversations with other law enforcement officers, and Affiant participation in this and other investigations, when viewed as a whole, the facts, as stated in this affidavit, establish probable cause that OSBORNE is continuing to engage in narcotics trafficking at the **Subject Premises**.

14.     Based on Affiant knowledge, training, and experience, and Affiant conversations with other law enforcement officers, your Affiant knows it is a common practice for individuals involved in narcotics trafficking to keep items related to narcotics trafficking in their homes, including, but not limited to, illegal controlled substances (including, but not limited to, heroin, methamphetamine, cocaine, and prescription pills); materials used to cut, measure, weigh, use, ingest, package, conceal, transport, or transfer such substances; drug paraphernalia; drug ledgers; photographs of narcotics; devices used to communicate with other narcotics traffickers and persons

who purchase their product; financial records documenting the narcotics trafficking; or any other evidence of drug trafficking. Further, your Affiant knows that narcotics traffickers often keep firearms at their residences for protection from rival drug dealers, even if they are convicted felons or otherwise prohibited persons.

15. Based on Affiant knowledge, training, and experience, Affiant conversations with other law enforcement officers, and Affiant participation in this and other investigations, your Affiant knows that individuals engaged in drug trafficking often maintain large amounts of U.S. currency in order to maintain and finance their ongoing controlled substances businesses.

16. Based on Affiant's knowledge, training, and experience, including in the execution of search warrants, your Affiant knows that subjects who engage in illegal activity are similar to others in our society who maintain documents and records, including handwritten notes, photographs, text messages, voice messages, and other common forms of communication. Often, these individuals retain documents and records for long periods, regardless of whether the value of the items has diminished. Your Affiant knows in some cases documents that are incriminating in nature are still possessed months, or even years, after they come into the subject's possession. Sometimes, these subjects do not realize the incriminating nature of the documents or believe that investigators will not appreciate the incriminating nature of the material, such as vehicle rental records, or proof of payments made to other individuals who carry out the criminal conduct, and ledgers reflecting funds paid in furtherance of the criminal enterprise.

17. Based on Affiant knowledge, training, and experience, your Affiant also knows that digital devices, specifically cellular phones, can contain evidence of narcotics activity. Narcotics traffickers use phones to communicate with other co-conspirators to advertise drugs for sale or firearms possession. People who engage in criminal activity frequently install social media

applications ("apps"), like Instagram or Facebook, on their cell phones. They then use these apps to communicate privately with co-conspirators. Individuals involved with narcotics trafficking and illegal firearms commonly post photographs and videos to Facebook, Instagram, or other social media apps, demonstrating their association with co-conspirators, or holding firearms, drugs, and/or gang paraphernalia. Records of these communications, photographs, and videos may be stored by the social media companies or within the phone itself. Additionally, when individuals use their phone, location data stored by the device can be used as evidence of their whereabouts at a particular time. These records, electronic messages, and related data may continue to reside on digital devices within **Subject Premises**.

## CONCLUSION

18. Based on the foregoing, there is probable cause to believe that a search of the **Subject Premises** will result in the discovery of evidence of violations of the Specified Federal Offense, including evidence that Bobby OSBORNE possessed with the intent to distribute narcotics. Your Affiant therefore respectfully requests the issuance of the proposed search warrant.

## REQUEST FOR SEALING

19. Your Affiant further requests that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from

prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

Respectfully submitted,

/s/ Matthew A. Eversole
Matthew A. Eversole
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to me and subscribed by telephone in accordance with Fed. R. Crim. P. 4.1 and 41(d)(3) on the __7th__ day of February 2025.

_____
Honorable Matthew A. Stinnett
UNITED STATES MAGISTRATE JUDGE

9